IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD FRAUSTO,

    Plaintiff,

v.                                                                                   Civ. No. 07-0042 JB/RLP

WARDEN JANECKA, *et al.*,

    Defendants.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff's claim alleges various constitutional violations. Defendants' Answers all raised Plaintiff's failure to exhaust administrative remedies. By its Order [Doc. 19], the Court requested *Martinez* Reports[2] from the Defendants and specifically requested that they address, *inter alia*, whether Plaintiff had exhausted administrative remedies.

    2.    The Defendants' *Martinez* Reports [Doc. 28, 29 & 30] all note Plaintiff's familiarity with the grievance procedures available to him and his failure to exhaust his remedies for the claims he is making herein.

    3.    The Court's Order advised Plaintiff that "[c]onclusory allegations or a failure to file a response to the *Martinez* Report may serve as a basis for summary judgment against Plaintiff." Doc. 19. Plaintiff filed a letter on January 28, 2008 [Doc. 35] indicating

---

    [1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

    [2] Pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

that all of his allegations of mistreatment had been set out in the three *Martinez* Reports. Plaintiff did not address his failure to exhaust administrative remedies.

4.   Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no court action may be brought until the plaintiff exhausts his administrative remedies. Defendants have properly raised Plaintiff's failure as an affirmative defense. *See Jones v. Bock*, -- U.S.--, 127 S.Ct. 910 (2007). Because Plaintiff has failed to submit to the Court any evidence that he availed himself of the pertinent facility's grievance procedure, this case should be dismissed without prejudice.

## RECOMMENDED DISPOSITION

I recommend that this action be dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge